IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HOME CARE PROVIDERS OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-1680-N |
| | § | |
| BLUE CROSS AND BLUE SHIELD OF TEXAS, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Blue Cross and Blue Shield of Texas's ("BCBSTX") motion to dismiss in favor of alternative dispute resolution [8]. For the following reasons, the Court grants BCBSTX's motion.

### I. ORIGINS OF THE DISPUTE

Plaintiff Home Care Providers of Texas ("Home Care") originally filed this suit in Texas state court. Home Care alleged that BCBSTX failed to make payments and properly adjudicate health benefits for medical services and supplies provided by Home Care to BCBSTX members. BCBSTX removed the case and now moves to dismiss the case in favor of alternative dispute resolution. BCBSTX contends that both parties entered an agreement (the "Agreement") that includes a dispute resolution provision compelling the parties to arbitration. Home Care did not respond to BCBSTX's motion.

In the Agreement, the parties agreed to a "Dispute Resolution" clause, which states, "any dispute between BCBSTX and Ancillary Provider arising out of . . . this Agreement

or any prior Agreement . . . shall be resolved using alternative dispute resolution mechanism instead of litigation." Exs. Mot. Dismiss or Alternative Mot. Compel Arbitration ("BCBSTX's Exs."), Ex. 1, part 7.C, Ex. 2, part X.H, Ex.3, part X.H, Ex. 4, part 7.C, Ex. 5, part X.H, Ex. 6, part X.H, Ex.7, part X.H [9]. The Agreement states that "it is their mutual intention that this provision be construed broadly so as to provide for mediation and/or arbitration of all disputes arising out of their relationship as third-party Payer and Ancillary Provider." BCBSTX's Exs., Ex. 1, part 7.C. Under the Agreement, the parties must first subject the dispute to mediation. *Id.* If mediation is unsuccessful, then either party may submit the dispute to final and binding arbitration. *Id.* The Agreement further states that "Ancillary Provider acknowledges that this arbitration provision precludes Ancillary Provider from filing an action at law or in equity and from having any dispute covered by this Agreement resolved by a judge or a jury." *Id.*

## II. LEGAL STANDARD TO COMPEL ARBITRATION

Under the Federal Arbitration Act ("FAA"), arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Accordingly, where an issue is referable to arbitration, the FAA requires courts to stay proceedings pending arbitration of the disputes at issue. *Id.* § 3.

Courts perform a two-step inquiry when deciding whether to compel arbitration. *JP Morgan Chase & Co. v. Conegie ex rel. Lee*, 492 F.3d 596, 598 (5th Cir. 2007). Specifically, courts must address (1) "whether the parties agreed to arbitrate the dispute," and (2) "whether any federal statute or policy renders the claims nonarbitrable." *Id.*

MEMORANDUM OPINION AND ORDER – PAGE 2

(internal quotations and citations omitted). The first step is further divided into two parts. *OPE Int'l LP v. Chet Morrison Contractors, Inc.*, 258 F.3d 443, 445 (5th Cir. 2001). Courts must determine "(1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of that arbitration agreement." *Id.* (internal quotation and citations omitted).

"A court may compel arbitration only if it concludes that the parties 'ma[de] . . . the agreement for arbitration.'" *Covington v. Aban Offshore Ltd.*, 650 F.3d 556, 558 (5th Cir. 2011) (alterations in original) (quoting 9 U.S.C. § 4); *see also Gen. Motors Corp. v. Pamela Equities Corp.*, 146 F.3d 242, 246 (5th Cir. 1998) ("Arbitration is the reference of a particular dispute to an impartial third person chosen by the parties to a dispute who agree, in advance, to abide by the arbitrator's award issued after a hearing at which both parties have an opportunity to be heard."). An agreement to mediate is usually insufficient because traditional mediation will not render a final and binding decision. *See Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1240–41 (11th Cir. 2008); *Pizza Hut, Inc. v. Lundy Enters., LLC*, 2011 WL 13299324, at *5 (N.D. Tex. Sept. 19, 2011). Only after making the determination that the parties agreed to arbitrate may the Court consider "whether legal constraints external to the parties' agreement foreclosed the arbitration of those claims." *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 628 (1985).

When an arbitration clause includes a condition precedent, the arbitrator, not the Court, should determine whether the parties appropriately fulfilled the condition precedent. *BG Grp., PLC v. Republic of Arg.*, 572 U.S. 25, 34–35 (2014). For instance, if an

MEMORANDUM OPINION AND ORDER – PAGE 3

agreement includes a condition to first participate in mediation, then the arbitrator should determine whether the parties sufficiently met the condition. *See Valenzuela v. Crest-Mex Corp.*, 2019 WL 3803626, at *2 (N.D. Tex. Aug. 13, 2019).

### III.  THE COURT GRANTS BCBSTX'S MOTION

#### A.  *The Court Finds the Parties Agreed to Arbitrate the Dispute*

"Generally, principles of state contract law govern the question of whether the parties formed a valid agreement to arbitrate." *JP Morgan Chase & Co.*, 492 F.3d at 598. Under Texas law, "the court must determine whether an arbitration agreement exists based on the parties' intent as expressed in the terms of the contract." *Halliburton Energy Servs., Inc. v. Ironshore Specialty Ins. Co.*, 921 F.3d 522, 530 (5th Cir. 2019).  While there is strong federal policy favoring arbitration, it "does not apply to the determination of whether there is a valid agreement to arbitrate between the parties." *Fleetwood Enters. Inc. v. Gaskamp*, 280 F.3d 1069, 1073 (5th Cir. 2002).  Instead, the presumption favoring arbitration does not come into the Court's analysis until the second step, when determining the scope of a valid arbitration agreement.  *Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475–76 (1989) (noting that "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself [must be] resolved in favor of arbitration").

Here, because a valid agreement to arbitrate exists and this dispute falls within the scope of the arbitration agreement, the parties agreed to arbitrate this dispute.  First, the Court finds that the parties entered a valid agreement mandating both parties to arbitrate. The Agreement expressly binds both Home Care and BCBSTX to the dispute resolution

MEMORANDUM OPINION AND ORDER – PAGE 4

provision in the Agreement, and Home Care does not contest the validity of the Agreement. *See, e.g.*, BCBSTX's Exs., Ex. 1, at 1. While the clause includes a mediation provision, the Agreement still binds the parties to mandatory arbitration because the Agreement specifically states that the "arbitration provision precludes [Home Care] from filing an action at law or in equity and from having any dispute covered by this Agreement resolved by judge or jury." *See* BCBSTX's Exs., Ex., part 7.C.f. The Court determines that the mediation requirement does not undermine the mandatory arbitration provision. Thus, the Court finds that the Agreement is a valid and enforceable provision and that the Agreement expresses the intent of both parties to be subject to binding arbitration. *See Fisher v. Blue Cross Blue Shield of Tex., Inc.*, 2011 WL 11703781, at *3 (N.D. Tex. June 27, 2011).

Second, the Court determines that the dispute in question falls within the scope of the Agreement. Specifically, the Agreement mandates that "any dispute between BCBSTX and Ancillary Provider arising out of, relating to, involving the interpretation of, or in any other way pertaining to this Agreement or any prior Agreement between BCBSTX and Ancillary Provider" shall be resolved through alternative dispute resolution. BCBSTX's Exs., Ex. 1, part 7.C. Home Care's claims concern whether BCBSTX properly adjudicated and paid health benefits for services and supplies provided by Home Care to BCBSTX members. In light of federal policy favoring arbitration, the Court determines the dispute falls within the scope of the Agreement.

The Court notes that the Agreement includes a condition precedent that the parties participate in mediation prior to arbitration. While the agreement includes a mediation provision, the Court finds that the issue of whether the condition precedent has been

MEMORANDUM OPINION AND ORDER – PAGE 5

fulfilled is an issue for the arbitrator, not the Court, to decide. *See BG Grp., PLC v. Republic of Arg.*, 572 U.S. 25, 34–35 (2014). Accordingly, the Court concludes that the parties must participate in arbitration unless the arbitrator determines that there are conditions precedents that the parties must complete first.

### B. The Court Finds No Federal Statute or Policy Renders the Claims Nonarbitrable

Finally, the Court determines that no federal statute or policy renders the claims nonarbitrable, and Home Care does not contest the arbitrability of the claims. Thus, the Court does not deem Home Care's claims nonarbitrable.

### IV. THE COURT DISMISSES THE CASE

Although the FAA provides for a stay pending arbitration, 9 U.S.C. § 3, the Court may instead dismiss the action with prejudice when all claims are subject to arbitration. *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration.") (citations omitted); *see also Vican, Inc. v. Incipio Techs., Inc.*, 2016 WL 687155, at *1 (N.D. Tex. Feb. 19, 2016) (dismissing the action *sua sponte* under the FAA upon request to compel arbitration and stay litigation). This is so because "[a]ny post-arbitration remedies sought by the parties will not entail renewed consideration and adjudication of the merits of the controversy but would be circumscribed to a judicial review of the arbitrator's award in the limited manner prescribed by law." *Alford*, 975 F.2d at 1164. Here, the Court is persuaded that Home Care's claim is subject to the Agreement. Based on this determination, the Court dismisses the case in favor of arbitration.

## Conclusion

The Court compels the parties to arbitration under the Agreement, and the Court dismisses the case in favor of arbitration.

Signed April 10, 2020.

_____
David C. Godbey
United States District Judge